# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **Ronald Vrabel,** | Civil No. 06-1664 (DSD/JJG) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| **The Ordway Group LLC,** **Kyle Smith,** **Jennifer Gottwalt-Smith,** | |
| Defendants. | |

This matter came before the undersigned on September 11, 2007 on plaintiff Ronald Vrabel's motion to enforce a settlement agreement (Doc. No. 11). Samuel J. Glover, Esq., appeared on behalf of Mr. Vrabel (Vrabel). Stephen W. Hance, Esq., appeared on behalf of the defendants. The motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Vrabel initially brought this litigation based on allegations that the three defendants defrauded him through an equity-stripping scheme. The parties entered mediation and later executed a settlement agreement. Vrabel now moves to enforce the settlement agreement.

The parties executed the agreement on March 6, 2007. It requires the defendants to pay Vrabel $52,000 through three separate payments. The defendants timely made the first two payments, but they have yet to make the third payment of $35,100, which was due April 20, 2007. The settlement agreement does not require dismissal until all payments are made, and for this reason, this litigation has yet to be dismissed.

The defendants do not dispute that the settlement agreement is valid and enforceable, and that they are required to make the third payment. But they contend that they are currently unable

to make the payment. They represent that the Ordway Group has dissolved and lacks any assets. And Mr. Smith individually represents that he and Ms. Gottwalt-Smith will soon be filing for bankruptcy.

Where a party is alleged to have breached a settlement agreement, the ordinary remedy is a claim for breach of contract. *Mr. Steak v. Sandquist Steaks, Inc.*, 245 N.W.2d 837, 837 (Minn. 1976). But where parties have duly executed a settlement agreement, but have not yet moved for dismissal in the underlying litigation, the court has authority to enforce the settlement agreement. *See Gerhard v. Bell Helicopter Textron*, 759 F.Supp. 552, 555-56 (D.Minn. 1991); *Bergstrom v. Sears, Roebuck & Co.*, 532 F.Supp. 923, 934 (D.Minn. 1982).

When exercising this authority, a court first examines whether the agreement is complete. The analysis then turns to the appropriate relief under the agreement. *Wilson v. Wilson*, 47 F.3d 660, 664 (7th Cir. 1995); *Simmons, Inc. v. Koronis Parts*, No. 00-1984, 2002 WL 1347401 at *2 (D.Minn. June 18, 2002); *see also Barry v. Barry*, 172 F.3d 1011, 1013 (8th Cir. 1999).

In the context of the current motion, the parties concur that the agreement is complete and enforceable. They further agree that the defendants owe $35,100 past due under the agreement. These representations comport with a plain reading of the parties' agreement.

This Court concludes that the defendants have breached the settlement agreement. It is proper, therefore, to enforce the agreement by entering judgment against the defendants for the amount past due. Because the parties intended the settlement to be a full and final disposition of their dispute, and because the judgment represents a final resolution of the settlement, this Court further recommends that this litigation be dismissed with prejudice.

Vrabel further asks this Court for a declaration that this judgment is nondischargeable in bankruptcy due to the defendants' defalcatory conduct. There is no indication, either from the

2

settlement or elsewhere in the record, that the defendants engaged in such conduct when they executed the settlement agreement. And such a declaration has the potential to encroach upon the jurisdiction of a bankruptcy court. So this Court deems it inappropriate to grant such relief.

As this Court indicated at the motion hearing, there are some authorities that place limits on a court's authority to enforce a settlement agreement. But these cases consider circumstances where the litigation has already been dismissed and the court has been divested of jurisdiction. *See Long v. Madison*, 869 F.Supp. 720, 724 (D.Minn. 1994) (favorably citing *Kokkanen v. Guardian Life Ins. Co.* 511 U.S. 375, 378-79 (1994)). Because the current litigation has yet to be dismissed, it does not pose an obstacle to enforcement of the settlement agreement. *Simmons, Inc.*, 2002 WL 1347401 at *2.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.   Vrabel's motion to enforce a settlement agreement (Doc. No. 11) be **GRANTED.**

2.   Judgment be entered against the defendants in the amount of $35,100.

3.   This litigation be dismissed with prejudice.

Dated this 10th day of October, 2007.

       s/ Jeanne J. Graham
JEANNE J. GRAHAM
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by **October 30, 2007**. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required, under 28 U.S.C. § 636, to review a transcript of the hearing in order to resolve all objections made to this

report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.